# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNON MORGAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 12-CV-020-GKF-TLW |
| ROBERT PATTON, Director,[1] | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner, a state inmate appearing pro se. Respondent filed a response to the petition (Dkt. # 9), and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 9, 10). Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the Court concludes the petition shall be denied.

## *BACKGROUND*

On July 30, 2010, Petitioner was charged by Information filed in Tulsa County District Court, Case No. CF-2010-2834, with Shooting With Intent to Kill (Count 1), Assault and Battery With a Deadly Weapon (Count 2), Possession of Firearm, After Former Conviction of a Felony (Count 3), and Violation of Protective Order, misdemeanor (Count 4). Petitioner had at least three (3) prior

---

[1] Petitioner is presently in custody at Lawton Correctional Facility, a private prison located in Lawton, Oklahoma. Therefore, the proper respondent is Robert Patton, Director of the Oklahoma Department of Corrections. For that reason, Robert Patton, Director, is substituted as party respondent in place of Justin Jones, Director. The Clerk of Court shall note the substitution on the record.

felony convictions. On August 25, 2010, following a recess during the preliminary hearing,[2] see Dkt. # 10-1, Petitioner entered pleas of guilty to all four counts. See Dkt. # 9-3. Petitioner was sentenced that day to twenty (20) years imprisonment on each of Counts 1, 2, and 3, and to one (1) year in the county jail on Count 4, with the sentences to be served concurrently. The twenty (20) year sentences on Counts 1 and 2 were the minimum sentences available under state law. See Okla. Stat. tit. 21, § 51.1(B). During the preliminary hearing, Petitioner was represented by attorney Jill Webb. Attorney Shena Burgess also provided representation during entry of the guilty pleas. Both attorneys worked for the Tulsa County Public Defender's Office when Petitioner entered his pleas.

On September 3, 2010, Petitioner filed a motion to withdraw his pleas of guilty (Dkt. # 9-3 at 8). On September 23, 2010, plea counsel was allowed to withdraw, see Dkt. # 10-2, Tr. at 5, and conflict counsel, Don Palik, was appointed to represent Petitioner. On October 1, 2010, a hearing was held on Petitioner's motion to withdraw his pleas of guilty. See Dkt. # 10-3, Tr. Mot. Withdraw Plea Hr'g. At the conclusion of the hearing, the state district judge denied the motion to withdraw pleas. Id. at 45.

Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Terry J. Hull, Petitioner raised two (2) propositions of error, as follows:

> Proposition 1: The trial court abused its discretion in denying Petitioner's request to withdraw his pleas on a record that failed to show he was competent to waive

---

[2] One witness, Gabriel Smith, had testified at the preliminary hearing prior to the recess. Smith testified that, on July 24, 2010, he was awakened by a man who told him he "was going to die today." (Dkt. # 10-1, Tr. Prelim. Hr'g at 6). The man hit Smith in the face with a gun and shot Smith through the leg. Id. Smith identified Petitioner as the man who threatened him, shot him, and hit him in the face with a gun. Id. at 16.

> his constitutional rights to trial and understand the nature and consequences of his plea.
>
> Proposition 2: Petitioner's guilty plea was not knowingly and intelligently entered because he was denied the effective assistance of counsel in violation of his rights under the 6th and 14th amendments to the United States Constitution and Art. II, §§ 7 and 20, of the Oklahoma Constitution.

(Dkt. # 9-1). On April 18, 2011, in an unpublished summary opinion, filed in Case No. C-2010-969 (Dkt. # 9-2), the OCCA denied the petition.

Petitioner filed his federal habeas corpus petition on January 17, 2012 (Dkt. # 1). He also filed a supporting brief (Dkt. # 2). In his petition, Petitioner refers the Court to the supporting brief where he identifies as his habeas claims the same two (2) claims raised on certiorari appeal. (Dkt. ## 1, 2). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). (Dkt. # 9).

## *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on certiorari appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In denying the petition for certiorari, the OCCA adjudicated the issues raised in the habeas petition. Thus, this Court shall review those grounds under § 2254(d).

### 1. Pleas of guilty were not knowingly and voluntarily entered (ground 1)

As his first ground of error, Petitioner claims that the trial court erred in denying his request to withdraw his pleas because the record failed to show that he was competent to waive his constitutional right to trial and understand the nature and consequences of his plea. (Dkt. # 2 at 6). He argues that his plea was involuntary because the trial court failed to examine him regarding his competency to enter guilty pleas even though the plea form "disclosed on the first page that petitioner had been treated or confined in a psychiatric hospital in the very recent past." Id. at 7. In rejecting this claim on certiorari appeal, the OCCA ruled as follows:

> Petitioner told his counsel (before entering the pleas) that he had been treated fairly recently at a local hospital for depression. Counsel included that information on the Summary of Facts form, but Petitioner also reported that he was able to understand the form, and that he was not taking, or supposed to be taking, any medication which might affect his ability to comprehend the proceedings. As to Proposition 1, from our review of the testimony at the plea withdrawal hearing, we find no reason to doubt Petitioner's competency to understand the plea proceedings or assist his counsel. In fact, his complaint at the withdrawal hearing was not about his competency, but about whether counsel misadvised him of the details of the plea agreement. The trial court did not abuse its discretion in denying Petitioner's request to withdraw his pleas.

(Dkt. # 9-2 at 2-3 (citation omitted)).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." See United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations and internal quotation marks omitted). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin). The "determination of a factual issue made by a State court shall be

5

presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the record reflects that Petitioner's guilty pleas were knowing, intelligent, and voluntary. The "Plea of Guilty Summary of Facts" form, signed under penalty of perjury by Petitioner, see Dkt. # 9-3 at 4, reflects that the presence of a court reporter was waived, id. at 6. Thus, there is no transcript of any proceeding held before the state district judge. However, the transcript from the hearing on Petitioner's motion to withdraw pleas confirms that, as determined by the OCCA, there was no reason to doubt Petitioner's competency to understand the plea proceedings or assist his counsel. See Dkt. # 10-3. In fact, Petitioner testified at the hearing on his motion to withdraw pleas that, on the day he waived his preliminary hearing and pled guilty, he understood the "Plea of Guilty Summary of Facts" form he completed with his attorney. Id. at 14. Furthermore, as noted by the OCCA, Petitioner's complaint at the hearing was not about his competency, but about whether counsel misadvised him of the details of the plea agreement. Id. at 11. Both of Petitioner's attorneys testified that Petitioner was competent and understood what was going on when he entered his guilty pleas. Id. at 31-32, 39-40. Nothing in the record before the Court demonstrates that Petitioner was not competent when he entered his pleas of guilty.

Furthermore, the state district judge determined that Petitioner's guilty pleas were made voluntarily, knowingly, and intelligently, and that Petitioner was competent to enter the pleas. See Dkt. # 9-3 at 4 ¶ 36. Those factual determinations are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut that presumption with clear and convincing evidence. Id.

For the reasons cited above, the Court concludes that the OCCA's decision affirming the district court's denial of Petitioner's motion to withdraw his guilty plea was neither contrary to, nor an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas corpus relief on ground 1.

## 2. Ineffective assistance of counsel (ground 2)

As his second ground of error, Petitioner argues that his attorney, Jill Webb, provided ineffective assistance when, after learning that Petitioner had recently received mental health treatment, she failed to stop the plea proceeding in order to ensure that Petitioner was competent to enter guilty pleas. (Dkt. # 2 at 10-15). Petitioner raised this claim on certiorari appeal. See Dkt. # 9-1 at 14. He also requested leave to supplement the existing appeal record and a hearing on his ineffective assistance of counsel claims, citing Rule 3.11(B)(3)(b), (C), (D), and (E), Rules of the Oklahoma Court of Criminal Appeals. See Dkt. # 9-1 at 14 n.7. The OCCA rejected Petitioner's claim of ineffective assistance of counsel, finding as follows:

> Petitioner has not shown that further investigation into Petitioner's mental health history would have raised any further doubt about his competency to enter his guilty pleas. Absent prejudice from counsel's alleged failure to conduct further investigation, we will not declare counsel to have been ineffective. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Lozoya v. State*, 1996 OK CR 55, ¶ 27, 932 P.2d 22, 31.

(Dkt. # 9-2 at 3 (footnote omitted)). The OCCA also denied Petitioner's request to supplement the appeal record with documents pertaining to his history of mental illness, stating "these materials do not strongly suggest a doubt about Petitioner's competency to enter a plea, (and, consequently, that counsel's omission prejudiced him) . . . . Id. at n.2.

7

In Hill v. Lockhart, 474 U.S. 52 (1985), cited by the OCCA in support of its denial of Petitioner's claim of ineffective assistance of counsel, the Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with Strickland v. Washington, 466 U.S. 668, 687 (1984), the Court held that a defendant challenging the effective assistance of counsel during the guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Hill, 474 U.S. at 57-58. As the Court explained in Hill,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill, 474 U.S. at 59). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id. More recently, in Missouri v. Frye, 132 S. Ct. 1399 (2012), the Supreme Court offered further guidance on the standard for showing prejudice. The test set forth in Frye is whether the defendant can "show a reasonable probability that the end result of the criminal process would have been more favorable" to the defendant in the absence of counsel's deficiencies. Frye, 132 S. Ct. at 1409; see also Lafler v. Cooper, 132 S. Ct. 1376 (2012).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless the OCCA's adjudication was "contrary to, or an unreasonable application of, clearly

8

established Federal law" as determined by the Supreme Court. See 28 U.S.C. § 2254(d). The record refutes Petitioner's claims that his attorney provided ineffective assistance during entry of his guilty pleas. As to Petitioner's claim that his attorney failed to investigate adequately his mental illness, the record reflects that the trial judge was made aware, at the time Petitioner entered his pleas, that Petitioner had recently undergone mental health treatment. See Dkt. # 9-3 at 1 ¶ 8. However, Petitioner also stated that he was not currently taking any medications which affected his ability to understand the proceeding, nor had he been prescribed any medication that he should have been taking, but was not. Id. at ¶¶ 6, 7. Furthermore, he averred that he understood the nature and consequences of the proceeding. Id. at ¶ 9. He also testified at the hearing on his motion to withdraw pleas that he understood the "Plea of Guilty Summary of Facts" form on the day he pled guilty. (Dkt. # 10-3, Tr. Mot. Withdraw Plea Hr'g at 14). Significantly, even if the Court assumes that counsel performed deficiently in failing to investigate Petitioner's mental health history, Petitioner fails to "show a reasonable probability that the end result of the criminal process would have been more favorable" to him in the absence of counsel's deficiencies. Additionally, Petitioner does not allege that, but for counsel's error, there is a reasonable probability he would not have entered guilty pleas and would have insisted on going to trial.[3] Hill, 474 U.S. at 58-59.

The Court finds that, without more, Petitioner has failed to prove that counsels' performance was constitutionally deficient. See Strickland, 466 U.S. at 696-97. Nor has Petitioner satisfied the

---

[3] In his supporting brief (Dkt. # 2), Petitioner attempts to demonstrate prejudice by stating that "there is a reasonable probability that Petitioner would not have entered his pleas of guilty because the trial court should not have permitted him to do so without making inquiry into his competency on the record." Id. at 14. Petitioner's statement falls short of the showing under Hill, requiring a petitioner to demonstrate that, but for counsel's deficient performance, he "would have insisted on going to trial." Hill, 474 U.S. at 58-59.

prejudice prong of the Strickland standard. Consequently, the OCCA's adjudication of Petitioner's claim of ineffective assistance of counsel was not contrary to, nor an unreasonable application of, federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to habeas corpus relief on ground 2.

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability is denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the **substitution** of Robert Patton, Director, as party respondent in place of Justin Jones, Director.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 29th day of December, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA